UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Melchor J., Civ. No. 26-3402 (PAM/LIB)

Petitioner,

v. **MEMORANDUM AND ORDER**

Todd Blanche, Attorney General; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; David J. Venturella, Acting Director of Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and Eric Tollefson, Sheriff of Kandiyohi County Jail,

Respondents.

---

This matter is before the Court on Petitioner Melchor J.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner Melchor J. is a citizen of Mexico. (Id. ¶¶ 7, 12.) He entered the United States at an unknown date and time, and claims to have lived in the country since 2022. (Pet. ¶ 12; (Decl. of Mario L. Trevino (Docket No. 7) ¶ 5). He makes no claim as to obtaining any legal status in the United States. Immigration and Customs Enforcement ("ICE") learned of Petitioner's presence in the United States after he was arrested on July 12, 2026, for his second violation for driving while impaired in three months. (Pet. ¶ 14; Trevino Decl. ¶¶ 6, 7.) On July 13, 2026, ICE issued a Form I-200 Warrant of Arrest.

(Trevino Decl. ¶ 8; id. Ex. B.) On July 17, ICE issued a Notice to Appear. (Id. ¶ 9; id. Ex. A.) Also on July 17, 2026, ICE served Petitioner at the Kandiyohi County Jail with the warrant and Notice to Appear and he remains there in Respondents' custody. (Pet. ¶ 18; Trevino Decl. ¶ 11.)

**DISCUSSION**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release. The Petition alleges Respondents violated Petitioner's constitutional rights, the Administrative Procedure Act, and the Accardi doctrine. Respondents contend that his detention is mandatory pending removal proceedings under 8 U.S.C. § 1225(b)(2).

Under § 1225(b)(2)(A), if an immigration officer inspects an "applicant for admission" and determines that he is not clearly entitled to stay in the United States, the alien's arrest and detention are mandatory. 8 U.S.C. § 1225(b)(2)(A). That is precisely what occurred here. Petitioner's detention is thus mandatory. See Avila v. Bondi, 170 F.4th 1128, 1136 (8th Cir. 2026) (explaining that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States").

Petitioner claims that Respondents violated his Fifth Amendment right to due process by detaining him without first conducting a bond hearing and an individual assessment of whether he poses a flight risk or a danger to society. Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2), which includes no possibility of bond. Thus, Petitioner's due process argument misses the mark. Although Petitioner argues that the

process set out in § 1225(b) is constitutionally inadequate, he received the process he is due. Therefore, Petitioner's due process claim is without merit.

Petitioner's Fourth Amendment claim is unavailing. Section 1225 makes no mention of a warrant, but even so Respondents served him with a Form I-200 Warrant of Arrest based on probable cause established through police records and which issued well before his arrest. (Trevino Decl. ¶ 10; id. Exs. A, B.) The Notice to Appear also issued before Petitioner's arrest, and therefore he fails to demonstrate any violation of 8 C.F.R. § 236.1. See 8 C.F.R. § 236.1(b)(1) (explaining that an alien may be arrested pursuant to a Form I-200 Warrant of Arrest "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed"). Petitioner's claim as to an unlawful arrest thus fails.

Petitioner's remaining claims fare no better. Because Respondents acted lawfully in arresting and detaining Petitioner, they did not violate the Administrative Procedure Act ("APA"). See 5 U.S.C. § 706(2)(D) (When evaluating an APA claim, a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law."). Finally, Petitioner's Accardi claim fails because Petitioner has not demonstrated that any agency failed to follow its regulations. See Accardi v. Shaughnessy, 347 U.S. 260 (1954).

The Court concludes that Petitioner is not entitled to the habeas relief that he seeks, and thus denies his Petition.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and
2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 24, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge